Filed 9/11/15  P. v. Good CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAVON GOOD,<br><br>    Defendant and Appellant. | B261180<br><br>(Los Angeles County<br>Super. Ct. No. BA172780) |

        APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

        Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

_____

Defendant and appellant Ravon Good appeals the trial court's denial of his motion for recall of his sentence and resentencing pursuant to Proposition 36, the Three Strikes Reform Act of 2012 (the Act). We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 1999, a jury convicted Good of selling cocaine base (Health & Saf. Code, § 11352, subd. (a)). The jury also found Good had suffered three prior "strike" convictions (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)),[1] for attempted murder (§§ 664, 187, subd. (a)), robbery (§ 211), and attempted robbery (§§ 664, 211), and had served a prior prison term within the meaning of section 667.5, subdivision (b). The trial court declined to strike any of Good's prior convictions and sentenced him to a term of 26 years to life in prison, consisting of 25 years to life for the cocaine sales offense, and one year for the prior prison term. We affirmed the judgment in unpublished opinions. (*People v. Good* (May 21, 2008, B198893; June 22, 2000, B132252) [nonpub. opns.].)[2]

On February 28, 2013, Good petitioned for recall of his sentence and resentencing under the Act, section 1170.126. On July 29, 2013, the trial court appointed counsel for Good. On December 17, 2014, the trial court denied the petition with prejudice. It found Good was ineligible for relief because one of his prior convictions was for attempted murder (§§ 664, 187, subd. (a)), a disqualifying offense. Good filed a timely notice of appeal on December 26, 2014. (See Cal. Rules of Court, rule 8.308(a).)

---

[1]    All further undesignated statutory references are to the Penal Code.

[2]    We take judicial notice of our unpublished opinions. (Evid. Code, §§ 459, subd. (a), 452, subd. (d).)

2

## DISCUSSION

After review of the record, appellant's court-appointed counsel filed an opening brief which raised no issues, and requested this court to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. On May 8, 2015, we advised appellant that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider.

After being granted an extension of time, on July 17, 2015, Good filed a document entitled "Alternate Writ of Mandate," which we deemed to be his supplemental brief. Good avers therein that because his current offense is neither serious nor violent, he is entitled to be resentenced, and must be released because he has already served the maximum term for his current offense. However, Good ignores the plain language of section 1170.126. Section 1170.126, subdivision (e)(3) provides that an inmate is eligible for resentencing if he or she "has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." "Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive," appears in both section 667, subdivision (e)(2)(C)(iv)(IV) and section 1170.12, subdivision (c)(2)(C)(iv)(IV). The jury in Good's case found he had suffered a conviction for such a homicide offense, i.e., attempted murder in violation of sections 187, subdivision (a) and 664. Accordingly, the trial court correctly found Good is ineligible for resentencing as a matter of law.

Good also attaches to his brief various documents memorializing his accomplishments in prison over the years, including his participation in Narcotics Anonymous and Alcoholics Anonymous; his completion of various vocational programs, including Construction Technology, Electronics, Customer Service, Building Maintenance, and safety training; and his participation in or completion of self-help programs such as Parenting Education, the Impact Program, Rational Behavior Therapy, and Managing Emotions. While Good's participation in these programs is laudable, it is not relevant to the determination of whether he is statutorily eligible for resentencing.

3

We have examined the entire record and are satisfied appellant's attorney has fully complied with the responsibilities of counsel and no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende, supra*, 25 Cal.3d at p. 441.)

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ALDRICH, J.


We concur:



EDMON, P. J.



JONES, J. *

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.